IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOANN BLADES, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED | § § § § § | PLAINTIFFS |
| v. | § § § | CIVIL ACTION NO. 1:06CV1000-LG-JMR |
| COUNTRYWIDE HOME LOANS, INC., COUNTRYWIDE FINANCIAL CORPORATION, BALBOA INSURANCE COMPANY, and NEWPORT INSURANCE COMPANY | § § § § § | DEFENDANTS |

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

**BEFORE THE COURT** is Defendants' Motion for Reconsideration [148] of this Court's Memorandum Opinion and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss and Motion for Summary Judgment [143]. Upon reviewing the submissions of the parties and the relevant law, the Court finds that the Motion for Reconsideration should be denied.

Motions to Amend Judgments are governed by Rule 59(e) of the Federal Rules of Civil Procedure. *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A judgment or order may be amended pursuant to Rule 59(e) if: (1) there is a need to correct a manifest error in law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred. *Schiller*, 342 F.3d at 567. The Court has reviewed Defendants' Motion, and has determined that they have not met the requisite legal standard for the Court to grant a motion to amend a judgment.

Specifically, Defendants assert that this Court improperly expanded the relation back doctrine set forth in *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030 (5th Cir. 1981), by applying the doctrine even though no motion for class certification has been filed. However, the Court in *Zeidman* stated:

> When, as here, the plaintiffs have filed a **timely motion** for class certification and have diligently pursued it, the defendants should not be allowed to prevent consideration of that motion by tendering to the named plaintiffs their personal claims before the district court reasonably can be expected to rule on the issue.

*Zeidman*, 651 F.2d at 1045 (emphasis added). In the present case, the deadline for filing a motion for class certification has not expired but has been extended by the Court due to an ongoing discovery dispute among the parties. Additionally, Plaintiff has diligently pursued the discovery that she needs in order to request class certification. Furthermore, Defendants' argument that they should have been allowed to satisfy Plaintiff's claims soon after the Complaint was filed is the precise reason why the Fifth Circuit has adopted the relation back doctrine: to prevent defendants from "picking off" named plaintiffs in order to prevent class certification.

Finally, Defendants assert that this Court should find that they are entitled to summary judgment because Plaintiff has not suffered any damages. However, this is essentially another way of arguing that her claims are moot. As this Court has previously held, it would be premature to dismiss Plaintiff's claims for mootness since the relation back doctrine applies in this case.[1]

---

[1] The Court also notes that Defendants have not provided any argument or authority regarding the validity of Plaintiff's claims for punitive damages and attorneys' fees. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (explaining that a party seeking summary judgment

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendants' Motion for Reconsideration [148] is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 29th day of April, 2008.

s/ *Louis Guirola, Jr.*<br>Louis Guirola, Jr.<br>United States District Judge

---

bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, that it believes demonstrate the absence of a genuine issue of material fact).