IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| JOANN BLADES, INDIVIDUALLY | § | |
| AND ON BEHALF OF OTHERS | § | |
| SIMILARLY SITUATED | § | PLAINTIFFS |
| | § | |
| v. | § | Civil Action No. 1:06cv1000HSO-JMR |
| | § | |
| COUNTRYWIDE HOME LOANS, | § | |
| INC.; COUNTRYWIDE FINANCIAL | § | |
| CORPORATION; BALBOA | § | |
| INSURANCE COMPANY; NEWPORT | § | |
| INSURANCE COMPANY; and | § | |
| NEWPORT MANAGEMENT CORP. | § | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' RENEWED MOTION TO DISMISS FOR LACK OF JURISDICTION, AND DENYING AS MOOT DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER COMES BEFORE THE COURT on the Renewed Motion to Dismiss for Lack of Jurisdiction [243] filed by Defendants Countrywide Home Loans, Inc. ("CHL"), Countrywide Financial Corporation ("CFC"), Balboa Insurance Company ("Balboa"),[1] Newport Insurance Company ("Newport Insurance"), and Newport Management Corporation ("Newport Management").[2] Also before the Court are the separate Motions for Summary Judgment filed by CHL [245],

---

[1] By Order [276] dated October 29, 2009, this Court granted Balboa's separate Motion for Summary Judgment [253] as unopposed and dismissed it from this lawsuit.

[2] Newport Insurance and Newport Management were not parties to this lawsuit at the time of the original Motion to Dismiss [114]. Newport Insurance was named as Defendant in Plaintiff Joann Blades' ("Blades") Second Amended Complaint [128], filed on February 4, 2008, and Newport Management was named as a Defendant in Blades' Third Amended Complaint [194], filed on June 13, 2008.

Newport Insurance [247], Newport Management [249], and CFC [251]. All Motions have been fully briefed. After consideration of the submissions, the record in this case, and the relevant legal authorities, the Court concludes that Defendants' Renewed Motion to Dismiss should be granted, and that Defendants' separate Motions for Summary Judgment should be denied as moot.

I. FACTUAL AND PROCEDURAL HISTORY

Defendant CHL financed the purchase of Plaintiff Joann Blades' ("Blades") home, which was located at 1472 Georgia Place in Gulfport, Mississippi. Blades asserts that her home was reduced to a slab and all of her personal property destroyed when Hurricane Katrina struck the Mississippi Gulf Coast in August 2005. Due to the destruction of the property, Blades' wind and hail coverage on the home was canceled. CHL asked Blades to obtain new insurance covering her home. She claims that she and her insurance agent repeatedly informed CHL that the home had been completely destroyed. Nevertheless, Defendant Newport Management, allegedly acting on behalf of CHL, force-placed insurance coverage on the home through Defendant Newport Insurance. CHL paid for the Newport policy with funds from Blades' escrow account.

Blades filed this lawsuit on behalf of herself and others similarly situated, asserting claims of civil conspiracy, conversion, unjust enrichment, and fraud/deceit, seeking compensatory and punitive damages, disgorgement of the funds taken from her escrow account, attorney's fees, and injunctive relief. On November 7, 2006, one month after the filing of the original Complaint, Defendants

returned the funds to Blades' escrow account. Blades subsequently paid her mortgage in full, in March 2007.

By Order [143] dated March 19, 2008, this Court found that Blades had voluntarily mooted her claims for injunctive relief by satisfying her mortgage, and it dismissed those claims. It also found that Blades' claims for monetary damages were rendered moot by the return of funds to Blades' escrow account. However, the Court did not dismiss those claims since the question of class certification had not yet been resolved. The Court eventually denied class certification by separate Order [240] dated March 27, 2009. Defendants contend that Blades' remaining individual claims must now be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) on grounds that Blades has no actual damages, or alternatively, pursuant to Rule 56 as there is no genuine issue left for trial on the merits.

## II. DISCUSSION

*A.   Motion to Dismiss for Lack of Jurisdiction*

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). This challenge may take the form of either a facial or factual attack upon a plaintiff's complaint. *See Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). Where a facial attack is made, a court is required to "assess whether the Plaintiff has alleged a sufficient basis of subject matter jurisdiction, taking all allegations in the Complaint as true." *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981). Where, however, the attack questions the

asserted factual basis for jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson,* 645 F.2d at 413. In this latter instance, a court may consider "matters outside the pleadings, such as testimony and affidavits," and make its own determination of disputed factual issues. *See Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). "[A] 'factual attack' under Rule 12(b)(1) may occur at any stage of the proceedings, and plaintiff bears the burden of proof that jurisdiction does in fact exist." *Id.*

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. U.S. CONST. art III, § 2, cl. 1. "Such a case or controversy must exist throughout the litigation; in other words, the case cannot be moot." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008) (*quoting Samnorwood Indep. Sch. Dist. v. Tex. Educ. Agency*, 533 F.3d 258, 264 (5th Cir. 2008)). Thus, "[i]f a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Id.* (*quoting Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008)). A case becomes moot when "'there are no longer adverse parties with sufficient legal interests to maintain the litigation' or 'when the parties lack a legally cognizable interest in the outcome' of the litigation." *Id.* (*quoting Envtl. Conservation Org*, 529 F.3d at 527). "The general rule is that '[c]laims for damages or other monetary

relief automatically avoid mootness, so long as the claim remains viable." *Triland Holdings & Co. v. Sunbelt Service Corp.*, 884 F.2d 205, 208 (5th Cir. 1989) (*quoting* 13C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE §3533.3 (3d ed. 2008)).

In its March 19, 2008, Order [143], this Court held that "Plaintiff's claims for monetary damages were rendered moot when Defendants returned the funds to Plaintiff's escrow account approximately one month after this lawsuit was filed."[3] *See* Ct. Order [143] at p. 7. In her Opposition to Defendants' Renewed Motion to Dismiss, "Blades respectfully urges that the Court erred in holding that [her] individual claims were rendered moot...." *See* Mem. in Supp. of Opp'n at p. 10. She contends that pursuant to Mississippi law, refund of the force-placed premiums may serve to mitigate damages on a claim for conversion, but she "may recover as damages the difference between the value of property when converted and when returned, damages for loss of use during the period of wrongful detention, and

---

[3] Because the question of class certification had not been resolved at the time the Court made this finding, Blades' individual claims for monetary damages were not dismissed. In its March 19, 2008, Order [143], the Court applied the "relation back" doctrine to Blades' claims for monetary damages, and permitted those claims to proceed to consideration of class certification. *See* Ct. Order [143] at p. 7. The relation back doctrine "allows the district court a reasonable opportunity to rule on a pending motion for class certification despite the intervening mootness of the named plaintiffs' individual claims." *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1047 (5th Cir. 1981). Because the relation back doctrine applies to cases in which "the plaintiffs' claims have been rendered moot by purposive action of the defendants in particular, by the defendants' full tender of the plaintiffs' individual claims," *id.* at 1049, the Court applied the doctrine only to Blades' claims for monetary damages, and not her claims for injunctive relief, which she voluntarily mooted by paying off her mortgage in full. *See* Ct. Order [143] at p. 7.

interest." *Id*. at p. 12. Though a trial court is free to reconsider and reverse its decision on an interlocutory order for any reason it deems sufficient, *see Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994), the Court is not persuaded that it erred in finding Blades' claims moot.

The facts here are not in dispute. The escrow account established pursuant to the Deed of Trust Blades signed was funded by her monthly payments. *See* Ct. Order [143] at p. 4. The record reflects that Blades made her last escrow payment in August 2005, and did not make any further payments to CHL until March 2007, when she paid her mortgage in full. *See* Fox Aff., attached as Ex. "1" to Defs.' Mot. [114]; *see also* Escrow Disc. Stmt., attached as Ex. "11" to Pl.'s Resp. [121]. Prior to deductions for any force-placed insurance premiums, Blades' escrow contained a balance of $814.73. Ct. Order [143] at p. 3; *see also* Escrow Disc. Stmt., attached as Ex. "11" to Pl.'s Resp. [121]. Two deductions of $1430.00 each were made from Blades' escrow account for force-placed hazard insurance, one on April 10, 2006, and the other on September 25, 2006. This left a negative balance of $-2045.27. *See id*. On November 7, 2006, two separate credits of $1430.00 each were added to the account, returning the balance to $814.73. *See id*.

The Deed of Trust states that "[u]nless an agreement is made in writing or Applicable Law requires interest to be paid on the [escrow] Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds." Deed of Trust

at p. 4, attached as Ex. "2-A" to Defs.' Mot. to Dismiss [114]. Blades does not allege or otherwise demonstrate that there was any agreement to the contrary. Thus, no interest was due to be paid Blades on any balance she held in escrow, regardless of whether any insurance was ever force-placed on the home.

The Deed of Trust further provides that "[u]pon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender." *Id*. The Lender was therefore released from the Deed of Trust upon payment of all sums secured by it. *See id.* at p. 10. This occurred on March 2, 2007, when Blades paid her mortgage in full. S*ee* Fox Aff., attached as Ex. "1" to Defs.' Mot. [114]; *see also* Escrow Disc. Stmt., attached as Ex. "11" to Pl.'s Resp. [121]. At that point the Deed of Trust obligated the Lender to actually remit the sums in escrow to Blades herself.

Even if, as Blades contends, Mississippi law permits recovery for the difference between the value of property when converted and when returned, damages for loss of use during the period of wrongful detention, and interest, the Court cannot find that such damages are viable here. A "court is obligated to enforce a contract executed by legally competent parties where the terms of the contract are clear and unambiguous." *Merchants & Farmers Bank v. State ex rel. Moore*, 651 So. 2d 1060, 1061 (Miss. 1995). Pursuant to the terms of the Deed of Trust, Blades was not entitled to any interest on the funds held in escrow. Moreover, Blades had no right to return of those funds from the account to her

actual possession until she satisfied her mortgage.  By the time Blades paid off her mortgage in March 2007, the escrow account had been credited back to its original balance.  Blades has not submitted any other sufficient record evidence of the damages she claims; this will not carry her jurisdictional burden.  *See Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981) (holding that under a "factual attack" on the court's subject matter jurisdiction, plaintiff is "required to submit facts through some evidentiary method and has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction."); *see also Frascogna v. Security Check, LLC*, No. 3:07cv686, 2009 WL 57102, at *3 (S.D. Miss. Jan. 7, 2009) (granting a Rule 12(b)(1) motion to dismiss where plaintiff did not meet her burden of demonstrating that a Federal Rule of Civil Procedure 68 offer of judgment would not fully compensate her injuries).

Because Blades is not entitled to compensatory damages, she may not recover punitive damages or attorney's fees.  "Under Mississippi law, punitive damages are dependent upon and appurtenant to the existence of a recovery of compensatory damages."  *Allen v. R&H Oil and Gas Co.*, 63 F.3d 1326, 1341 (5th Cir. 1995); *see also* MISS. CODE ANN. § 11-1-65 ("If, but only if, an award of compensatory damages has been made against a party, the court shall promptly commence an evidentiary hearing to determine whether punitive damages may be considered by the same trier of fact.").  Moreover, "if attorney's fees are not authorized by the contract or by statute, they are not to be awarded when an award of punitive damages is not proper." *Hamilton v. Hopkins*, 834 So. 2d 695, 700 (Miss. 2003).

Based upon the foregoing, Blades is unable to recover monetary damages. As there is no remaining relief which this Court could award her, Blades' claims are now moot and jurisdiction is lacking.

B.  *Motion for Summary Judgment*

Even if this Court had subject matter jurisdiction over this action, Blades' claims would be subject to dismissal as a matter of law. Federal Rule of Civil Procedure 56 states that "[t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The record reflects that Blades was made whole upon return of the funds held in escrow. Because Blades has not been able to adduce sufficient evidence to create an issue of fact for trial on the issue of damages, which is an essential element of her claim for relief, she has not carried her summary judgment burden. If subject matter jurisdiction were present here, which it is not, summary judgment in favor of Defendants would instead be appropriate.

### III.  CONCLUSION

Because Blades cannot demonstrate that she is entitled to damages, her individual claims for monetary damages must be dismissed as moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the Renewed Motion to Dismiss for Lack of Jurisdiction [243] filed by Defendants Countrywide Home Loans, Inc., Countrywide Financial

Corporation, Balboa Insurance Company, Newport Insurance Company and Newport Management Corporation, should be, and hereby is, **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, for the reasons more fully stated herein, the separate Motions for Summary Judgment filed by Countrywide Home Loans, Inc. [245], Newport Insurance Company [247], Newport Management Corporation [249] and Countrywide Financial Corporation [251], should be, and hereby are, **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED**, this the 5th day of November, 2009.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE